**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-80385-CIV-ZLOCH/GOODMAN

RANDAL A. FERGUSON,

    Plaintiff,
v.

SGT. FRANK DESTEFANO, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**
**ON PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT**

This cause is before me on the Motion and Amended Motion of Plaintiff, Randal A. Ferguson ("Ferguson"), for Summary Judgment as a Matter of Law. (DE# 23, 7/8/2010 & 24, 7/12/2010.) This case was referred to me on July 20, 2010, for a report and recommendation on all dispositive motions. (DE# 25.)

Defendant, Frank DiStefano,[1] did not respond directly to this motion, but instead filed a Motion to Strike Plaintiff's Amended Motion for Summary Judgment, or, in the Alternative, Motion to Extend Time for Response to Plaintiff's Amended Motion for Summary Judgment Pending Discovery. (DE# 31, 8/3/2010.) Ferguson did not respond to DiStefano's motion to strike.

Because I find that Ferguson's motion for summary judgment is premature, I respectfully recommend that the District Court deny as premature, without prejudice, Ferguson's motion and amended motion for summary judgment, order that Ferguson may re-file his motion after the close of discovery, and deny DiStefano's motion to strike as moot

---

[1]    Though he is identified as "DeStefano" in the caption to the complaint, it appears from the documents filed by him that his name is actually spelled "DiStefano."

**I.   Factual Introduction**

This is a *pro se* civil rights action filed under 42 U.S.C. §1983.  Ferguson is suing DiStefano, a City of West Palm Beach police officer, for false arrest and malicious prosecution. (DE# 7.)  Ferguson is also suing the City of West Palm Beach and the City of West Palm Beach Police Department for conspiring with DiStefano and condoning his actions. (*Id.*)  Ferguson alleges that DiStefano falsely arrested him for trespass and then filed a false police report relating to the arrest. (*Id.*)

**II.   Procedural Background**

Ferguson filed his original complaint on March 11, 2010, and his Amendment [sic] Complaint on March 22, 2010.  The Court granted Ferguson leave to proceed *in forma pauperis* on March 17, 2010, and on May 12, 2010, directed the United States Marshal to serve his lawsuit on the defendants.  (DE# 4 & 14.)  DiStefano was served on June 10, 2010, and filed a motion to dismiss on June 30, 2010.[2]  (DE# 18 & 19.)  Ferguson filed his amended motion for summary judgment approximately one month after DiStefano was served. ( DE# 24, 7/12/2010.)  By means of his motion to strike filed on August 3, 2010, DiStefano informed the Court that no formal discovery has occurred yet in this case, and that he therefore cannot present the facts necessary to support a response in opposition to Ferguson's summary judgment motion.  (DE# 31, pp. 2 & 4.)

**III.   Applicable Legal Standards**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted:

> . . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

---

[2]   The motion to dismiss is still pending and will be the subject of a separate report and recommendation.

In applying Rule 56, the court must seriously consider whether the parties have had equal access to evidence relevant to the motion. *Alabama Farm Bureau Mut. Cas. Co., Inc. v. American Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979), *cert. denied*, 449 U.S. 820 (1980).

The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted "an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) (citing *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)). This is an important consideration because the "party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Snook*, at 859 F.2d at 870. *See also* Fed. R. Civ. P. 56(d)(2) (characterizing it as an "*obligation*" to respond to a properly supported motion for summary judgment with such evidence) (emphasis added).

If a party moves for summary judgment prior to the expiration of an adequate discovery period, the court may deny the motion as premature should the non-moving party bring it to the court's attention that, as a consequence, he cannot present the facts necessary to support an appropriate response in opposition. Fed. R. Civ. P. 56. *See also Rodgers v. Global Prophets, Inc.*, No. 09-80753-CIV, 2009 WL 3288130, at *2 (S.D. Fla. Aug. 18, 2009) (denying motion for summary judgment as premature because it was filed prior to commencement of discovery). *Accord QBE Ins. Corp. v. Griffin*, No. 2:08-cv-949-MEF, 2009 WL 1586599, at *2 (M.D. Ala. June 4, 2009); *Williams v. Le Crewe de Spaniards*, No. 08-0506-WS-C, 2009 WL 3381519, at *2 (S.D. Ala. Oct. 20, 2009); *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, No. 08-61240-CIV, 2008 WL 4613059, at *2-3 (S.D. Fla. Oct. 15, 2008). Rule 56(f) allows the non-moving party to provide the court with this notice by filing an affidavit, but the mere written representation by the non-moving party's counsel will suffice. *Snook*, 859 F.2d at 871.

3

**IV.     Analysis**

It is clear that Ferguson's motions are premature.  Ferguson filed his amended motion for summary judgment, the latter of the two, barely more than a month after DiStefano was served with the lawsuit and before DiStefano was able to conduct any discovery.  Federal Rule of Civil Procedure 56 provides the non-moving party only twenty-one days to respond to a motion for summary judgment.  Had DiStefano propounded discovery requests the very same day he was served, he would still only have had approximately seven weeks to gather all the evidence on which he could rely in opposition to Ferguson's motion.  Seven weeks falls woefully short of adequate opportunity to complete discovery.  *E.g.*, *Griffin*, 2009 WL 1586599 at *1 (holding summary judgment motion premature where filed only twenty-days after amended pleadings were due and six months after suit was filed).

Moreover, even if DiStefano had propounded discovery requests immediately upon service, he may have had no meaningful opportunity to propound supplemental requests based on Ferguson's initial responses.  This is because had Ferguson waited the full thirty-days to respond to the initial requests, Ferguson's responses to the supplemental requests would not have been due until after the due date of DiStefano's summary judgment response.[3]

That nearly two additional months have passed since Ferguson filed his motions does not alter my conclusion.  Based on Ferguson's complaint, it appears likely that in addition to written discovery, this case could potentially require additional forms of discovery, such as witness depositions.  Common sense and my own experience both suggest that it will take longer than two months to track down and accommodate the undoubtedly conflicting schedules of all the parties, attorneys and witnesses.

---

[3]     Ferguson served his motion for summary judgment on the date responses would have been due to a discovery request propounded on the date DiStefano was served.  Therefore, DiStefano would not have had sufficient time to guarantee a response to a supplemental request.  *See, e.g.,* Fed R. Civ. P. 33 (allowing parties thirty-days to respond to interrogatories).

In sum, there does not exist, and most likely could not exist, a record sufficient to allow DiStefano to respond to the quickly-filed summary judgment motion or for this Court to resolve Ferguson's summary judgment motion on its merits.[4]

### V.   Conclusion

For the reasons given, I respectfully RECOMMEND that Ferguson's motion and amended motion for summary judgment be denied without prejudice as premature and, as a consequence of that recommendation, that DiStefano's motion to strike be denied as moot. I also recommend that the District Court instruct Ferguson that he may file a new motion for summary judgment against DiStefano or any other defendant, but only after the close of discovery in this case. *See Ramos*, 2008 WL 4613059 at *3 (ordering that moving party must wait until after close of discovery to re-file a premature summary judgment motion).

### VI.   Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) business days from the date of this Report and Recommendation, until September 17, 2010, to serve and file written objections, if any, with the Honorable William J. Zloch, United States District Judge. Each party may file a response to the other party's objection within 14 days of being served with the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *RTC v. Hallmark*

---

[4] Because I believe his motion is premature, I do not find it necessary to formally consider whether Ferguson's motion also violates Local Rule 7.5(c). However, I recommend that Ferguson review the local rules and, if he files a new motion for summary judgment in the future, to carefully assess whether it might be possible to provide additional, specific references to the evidence supporting his conclusions. While Ferguson does cite to several exhibits he has filed, it appears that in large part his motion consists of his own personal conclusions and opinions about the facts instead of direct evidence of these facts. For instance, Ferguson concludes that DiStefano is unable to produce any additional facts to support the arrest that are not already included in the probable cause affidavit, but Ferguson does not clearly point to any evidence that DiStefano was previously asked to do so but could not. (DE# 24, ¶ 16.) While the Court of course provides additional leeway to a *pro se* litigant, it is not required to conduct its own exhaustive search for facts in support of Ferguson's claims. *See Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F. Supp. 2d 1337, 1338 (S.D. Fla. 2009) (Zloch, J.) (striking response to motion for summary judgment under Local Rule 7.5(c) because it did not clearly and orderly rebut factual statements in motion).

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958).

RESPECTFULLY RECOMMENDED, in Chambers, in Miami, Florida, this 2nd day of September, 2010.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William J. Zloch
All counsel of record