UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-80385-CIV-ZLOCH/GOODMAN

RANDAL A. FERGUSON,

    Plaintiff,

v.

SGT. FRANK DESTEFANO, *et al.*,

    Defendants.

_____/

### ORDER ON FERGUSON'S MOTION AND PETITION RELATING TO TRIAL SUBPOENAS

THIS MATTER is before the Court on Randal A. Ferguson's Motion for Subpoena and Service and Petition for Service of Subpoena.[1] (09/28/2010, DE# 53; 10/29/2010, DE# 72.) For the reasons below, Ferguson's motion is denied and his petition is denied in part and granted in other part.

**I.    Background**

This case is an action under 42 U.S.C. § 1983 filed by Ferguson against DiStefano, a City of West Palm Beach Police Department sergeant, and the City of West Palm Beach, Florida. Plaintiff previously filed documents titled "Documents/Witness List," "Amended Witness List," and "Addendum to Witness List." (09/14/2010, DE# 46; 09/28/2010, DE# 54; 10/06/2010, DE# 62.) His Motion for Subpoena and Service requests that the Court issue subpoenas commanding the attendance at trial of various non-incarcerated, non-party witnesses listed on his various witness lists. (DE# 53.) His Petition for Service of Subpoena specifically requests the same as to Palm Beach County Sheriff Ric Bradshaw. Ferguson's petition also asks in the alternative for an

---

[1] On July 16, 2010, Judge William J. Zloch referred this case for disposition on all pre-trial motions to Magistrate Judge Robin S. Rosenbaum. (DE# 25.) Magistrate Judge Rosenbaum subsequently transferred the referral to me pursuant to Administrative Order 2010-79 on August 26, 2010. (DE# 32.)

1

"affidavit of indigency," which, according to his Petition will allow him to use the Palm Beach County Sheriff's Office to serve his subpoena.

## II. Analysis

Federal Rule of Civil Procedure 45 requires that when a trial subpoena is served, the serving party must tender "the fees for one day's attendance and the mileage allowed by law." Currently, a witness is entitled to $40 per day, including travel time, fifty-cents ($0.50) per mile if driving in a private car, and reimbursement for the cost of any charges for toll roads, bridges, or tunnels.[2]  28 U.S.C. § 1821.

28 U.S.C. § 1915(d) authorizes a district court to order the United States Marshal to serve process on the defendants in a lawsuit filed by a plaintiff who has been granted pauper status. *Fernandez v. Kash N' Karry Good Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991). This section, however, neither entitles a *pro se* litigant to the free use of the United States Marshal for effecting service of a subpoena nor to an excusal from the obligation of tendering the statutory fee due to a subpoenaed witness. *Smith v. Florida Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Lloyd v. McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985)).

Both Ferguson's motion and petition are therefore denied to the extent he seeks an order from the Court compelling the United States Marshal to serve a witness subpoena or compelling any witness to attend without prepayment of the statutory fee. Ferguson is instructed that it is his obligation to arrange and pay for service, including service of the required statutory advance payment of one day's attendance and mileage

---

[2] U.S. General Services Administration, http://www.gsa.gov/portal/content/100715 (giving current mileage fee) (last visited Nov. 1, 2010).

fees.[3]  If Ferguson is unable to afford these fees, he may alternatively request directly to a witness that the witness voluntarily attend the trial to testify.

Ferguson's petition, however, is granted to the extent that the Court has attached as exhibits A and B to this Order a copy of Ferguson's original Application to Proceed Without Prepayment of Fees and Affidavit, as well as Judge Zloch's Order granting him pauper status.  This Court has no authority to order the Palm Beach County Sheriff's Department to serve Ferguson's subpoenas.  The Court is merely providing these documents at Ferguson's request because Ferguson's petition suggested that the Palm Beach County Sheriff might be willing to serve his subpoenas with proof of his indigent status.  To the extent such assistance is available, Ferguson may use these documents to demonstrate to the Palm Beach County Sheriff's Department that Ferguson received permission to proceed *in forma pauperis* before the Southern District of Florida.

---

[3]  It appears that none of the witnesses listed on Ferguson's various witness lists are incarcerated individuals.  Ferguson is advised that if any of these individuals are incarcerated (or if he amends his witness list to include such persons in the future), he must petition the Court for a writ of *habeas corpus ad testificandum* if he wishes to secure their attendance at trial.  *Smith*, 369 F. App'x at 38.

### III.     Conclusion

Ferguson's Motion for Subpoena and Service is denied.  (DE# 53.)  Ferguson's Petition for Service of Subpoena is denied except to the extent that the Court has attached copies of documents requested by Ferguson.  (DE# 72.)

DONE AND ORDERED, in Chambers, in Miami, Florida, this 1st day of November, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William J. Zloch

All counsel of record

Randal A. Ferguson, *pro se*