UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80385-CIV-ZLOCH/GOODMAN

RANDAL A. FERGUSON,

    Plaintiff,
v.

SGT. FRANK DESTEFANO, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S DISCOVERY MOTIONS

THIS MATTER is before me on the following discovery motions filed by Plaintiff, Randal A. Ferguson:[1] Motion for Subpoena and Service (DE# 60); Motion to Compel a Discovery Response (DE# 61); "Motion to Compel/Demand of Copy Exhibits" (DE# 64); "Motion to Compel/Demand of Copy Exhibits" (DE# 65); Motion for Contempt (DE# 74); and Motion to Compel (DE# 114). The only response filed to any of these motions was by Defendant, the City of West Palm Beach, to Plaintiff's Motion to Compel (DE #114). (DE# 117.) Plaintiff's motions are resolved as specifically described below.

### I. Background

On March 12, 2010, Plaintiff filed a lawsuit against three defendants containing counts for false arrest, municipal liability, malicious prosecution, and conspiracy. Upon my recommendation, the District Court dismissed one of these defendants and the counts for malicious prosecution and conspiracy. (10/29/2010, DE# 71.) Plaintiff currently has

---

[1] On July 16, 2010, United States District Judge William J. Zloch referred this case for disposition of all pre-trial motions to United States Magistrate Judge Robin S. Rosenbaum. (DE# 25.) Magistrate Judge Rosenbaum subsequently transferred the referral to me pursuant to Administrative Order 2010-79 on August 26, 2010. (DE# 32.)

1

claims pending only under 42 U.S.C. § 1983 against Frank DiStefano, a police officer, for false arrest and against the City of West Palm Beach for municipal liability for an unofficial custom of failing to effectively train and/or supervise officers to prevent Fourth Amendment violations.  (*Id.*)

## II.     Plaintiff's Motion for Subpoena and Service (DE# 60), Motion for Contempt (DE# 74), and Motion to Compel (DE# 114)

These three motions all address Ferguson's attempt to subpoena records from the West Palm Beach Police Department and the City of West Palm Beach.  In his motion for Subpoena and Service, Plaintiff requests that the Court issue and arrange service on his behalf of a subpoena to the Police Department and the City.  (10/04/2010, DE# 60, p. 1.)  Plaintiff attached to his motion a list of seventeen document requests.  (*Id.* at pp. 2-4.)  Before the Court acted on this motion, Plaintiff filed his Motion for Contempt, which indicates that Plaintiff was able to serve on his own accord the Police Department with a subpoena requesting documents.  (11/05/2010, DE# 74, p. 1.)

According to Plaintiff, the Police Department (not the City itself) responded to his subpoena only by mailing the subpoena back to him with a note, indicating that Plaintiff "cannot subpoena the Police Dept. [sic] only the individual officers."  (DE# 74, p. 1.)  Consequently, Plaintiff filed the latest of these three motions, his Motion to Compel.  (01/04/2011, DE# 114.)  In this motion, Plaintiff requests that the Court compel the City to respond to a subpoena he served on it on October 27, 2010.  (*Id.* at p. 1.)  This subpoena, which Plaintiff attached to his motion, lists fourteen document requests.  (*Id.* at pp. 2-6.)

The City, which filed no response to the first two motions, responded to Plaintiff's Motion to Compel (DE# 114) on January 13, 2011. (DE# 117.) The City argues that Plaintiff's subpoena was improper because it failed to comply with Federal Rule of Civil Procedure 45(b)(1)'s requirement that if the subpoena requires a person's attendance at a deposition, the serving party must tender fees for one day's attendance and mileage and the rule's requirement that notice be provided to each party before service of the subpoena, as well as for failing to repeat the provisions of Rule 45(c)-(e) relating to the duty to respond to the subpoena. The City explained, however, that despite these purported defects, it served a written response with documents on December 20, 2010, and also served a duplicate response on January 13, 2011, in response to its receipt of a duplicate copy of the same subpoena on January 10, 2011.[2]

The City's delayed response to Plaintiff's subpoena attempts prolonged and complicated the discovery motion practice. Plaintiff is not only a *pro se* litigant, but he is currently incarcerated. While *pro se* litigants are still required to abide by the Federal Rules of Civil Procedure and the Local Rules of this Court, it is self-evident that the vast majority of such litigants are generally less able to navigate these rules with the precision and perfection expected of a trained attorney. *See S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992) (directing courts to "provide pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires"). Cases involving *pro se* litigants go much more smoothly when the Court is able to count on those attorneys involved with the case to deal reasonably with the *pro se*

---

[2] The City's response actually gives these dates as January 13, *2010*, and January 10, *2010*. However, based upon the other portions of their response it is clear that the City intended to give the year as *2011*.

3

litigants. Plaintiff's request for documents, though in form a Rule 45 subpoena, is easily recognizable to a trained attorney as a *de facto* Rule 34 request for production of documents given that it is addressed to a party – the City.[3]

The City has no binding obligation to construe Plaintiff's papers in a manner most favorable to Plaintiff. That said, by waiting more than two months after Plaintiff's Motion for Subpoena and Service to file a written response with the Court (i.e., its response to Plaintiff's Motion to Compel (DE# 117)), and nearly two months after receipt of a subpoena addressed to it to send Plaintiff any documents,[4] the City has effectively forced Plaintiff to file an additional motion and caused the Court to spend its time entertaining this motion (i.e., DE# 114). Apparently, the City's position is that because an incarcerated, *pro se* litigant mislabeled his request for production as a subpoena, it had, at a minimum, no obligation to respond within the thirty-days provided for in Rule 34. Had the City responded to Plaintiff's first Motion for Subpoena and Service at any point in the nearly three months between the filing of that motion and the date it mailed Plaintiff documents in response to his October 27, 2010 subpoena – even if only by filing a response objecting to Plaintiff's efforts to subpoena the Police Department – it may have saved this Court's time and resources and allowed this case to proceed in a more timely fashion.

---

[3]  Indeed, the City itself labeled its December 20, 2010, response to Plaintiff as its "Response to Request for Production." (DE# 117-1.)

[4]  The City does not explicitly identify on what date it first received Plaintiff's subpoena. However, the subpoena attached to Plaintiff's Motion to Compel (DE# 114) is dated October 27, 2010. Given the City's identification of this subpoena in its response but its silence as to its receipt date, I will assume that Plaintiff mailed it on that date and the City received it in approximately five days.

4

Given this background and perspective, the City's promotion of the argument that Plaintiff's subpoena attempts were defective because he did not tender the statutory fees is disappointing.

A party is only required to tender these fees under Rule 45 "if the subpoena requires the person's attendance."  Rule 45(c)(2)(A) further states that "A person commanded to produce documents . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial."  Plaintiff's subpoena is clearly marked as being one only for production of documents and therefore in fact does not violate Rule 45 by omitting attendance and mileage fees.  Moreover, given the City's status as a *party*, its arguments that Plaintiff failed to give proper notice before serving his so-called subpoena and failed to repeat the provisions of Rule 45(c)-(e) seem unfrank and unduly sharp.

Notwithstanding the above, I will now resolve the remaining issues concerning these three motions.

First, Plaintiff's Motion for Subpoena and Service (DE# 60) is denied as moot to the extent it seeks the Court's assistance in serving a subpoena because Plaintiff was apparently able to serve a subpoena without the Court's assistance.  (*See* DE# 74.)  However, my review of the requests attached to this motion indicates the requests are slightly different than the requests that the City responded to on December 20, 2010.  To the extent these requests differ, the City must serve an additional written response on Plaintiff within thirty-days and produce any responsive documents within forty-five days.[5]  When responding to any additional requests, the City must also produce any

---

[5] Of course, the City may make any appropriate legal objections in its response.

5

documents in its Police Department's possession and, if not already produced, any documents in its Police Department's possession responsive to Plaintiff's October 27, 2010, subpoena.

Second, Plaintiff Motion for Contempt (DE# 74) is denied. It is certainly true that it is common practice in Florida to address subpoenas and public records requests directly to municipal police departments and for these departments to respond on their own (despite the fact their legal identities are subsumed within their municipalities). In this case, however, because the City itself is a party, the appropriate way to obtain documents from the Police Department is to make a request for production to the City.[6]

Third, Plaintiff's Motion to Compel (DE# 114) is denied without prejudice. The City indicated in its response that, despite its objections to the form of Plaintiff's request, it in fact (belatedly) responded to his subpoena. There would therefore appear to be no need for the Court's intervention. To the extent Plaintiff believes that the City's response to his requests are legally insufficient, Plaintiff may file another motion to compel better responses.

Plaintiff is cautioned that he must be able to point to a specific deficiency in the City's response in order to file a motion to compel better responses. Plaintiff may not file a motion to compel unless he has a good faith basis to believe that the City has additional documents responsive to his requests that it is legally required to produce but failed to provide to him. In other words, Plaintiff may not file a motion simply because he speculates that additional documents may exist. Plaintiff is also instructed that, in the

---

[6] For further explanation, please see my report and recommendation dated October 6, 2010, which was adopted by the District Court on October 28, 2010, in which I explained that, legally speaking, the Police Department does not have an identity separate from the City. (DE# 63, § 3; DE# 71.)

6

future, if he intends to request documents from any party, he should use the procedure found in Federal Rule of Civil Procedure 34. The subpoena process outlined in Rule 45 should be used only if Plaintiff seeks documents from a non-party (i.e., anybody who is not either the City or Officer DiStefano).

### III. Plaintiff's Motion to Compel a Discovery Response (DE# 61)

Plaintiff's Motion to Compel a Discovery Response is denied in part as moot and denied in other part due to its ambiguity. (DE# 61.) In this motion, Plaintiff requests that the Court compel the other parties' cooperation in arranging mediation and that the Court compel the other parties to provide him with "discovery material."

The first portion of his motion is moot in light of my December 30, 2010, Order on Petition to Designate Mediator. (DE# 111.)

The second portion of Plaintiff's motion, requesting "discovery material," is denied because I am unable to determine precisely what Plaintiff is requesting. I cannot compel either defendant to produce what I cannot identify. To the extent this motion implicates the subpoenas discussed above, Plaintiff presumably already has received the documents requested. However, to the extent Plaintiff intended by this motion to seek other documents from a party, he is reminded that he may serve a request for production pursuant to Federal Rule of Civil Procedure 34.

### IV. Plaintiff's "Motion to Compel/Demand of Copy Exhibits" (DE# 64)

Plaintiff's "Motion to Compel/Demand of Copy Exhibits" is denied. (DE# 64.) In this motion, Plaintiff cites Federal Rule of Civil Procedure 26 and requests that the Court compel the defendants to provide him with a copy of all exhibits which have been filed or are currently in any defendant's possession. To the extent Plaintiff desires

7

additional copies of his own exhibits, Plaintiff must contact the Clerk of Court and request copies of the filings containing these exhibits. It is not the defendants' obligation to provide these.

Moreover, at this stage the defendants also have no responsibility to provide Plaintiff with copies of any other documents. Rule 26(a)(1)(A)(ii) & (a)(3)(iii) allow a party the option of providing "a copy – **or** a description by category and location – of all documents . . . the disclosing party has in its possession or control and may use," and only "an identification of each document or other exhibit . . . the party expects to offer and those it may offer if the need arises." (emphasis added). Plaintiff acknowledges in his motion that the defendants provided him with the required descriptions and therefore it appears that defendants have already fully complied with their Rule 26 obligations. The Court again reminds Plaintiff, however, that he is free to make a specific request under Rule 34 for copies of any document for which defendants have provided a description.

### V. Plaintiff's "Motion to Compel/Demand of Copy Exhibits" (DE# 65)

Plaintiff's "Motion to Compel/Demand of Copy Exhibits" is denied. (DE# 65.) This motion is essentially a duplicate of the motion by the same name described above in section 4. Consequently, it is denied for the same reasons.

### VI. Conclusions

(1) Plaintiff's Motion for Subpoena and Service (DE# 60) is denied as moot to the extent that it seeks the Court's assistance in serving a subpoena. However, the City shall make further written response and production in accordance with my instructions above.

(2) Plaintiff's Motion to Compel a Discovery Response (DE# 61) is denied as moot in part and denied in other part consistent with my explanation above.

(3) Plaintiff's "Motion to Compel/Demand of Copy Exhibits" (DE# 64) is denied.

(4) Plaintiff's "Motion to Compel/Demand of Copy Exhibits" (DE# 65) is denied.

(5) Plaintiff's Motion for Contempt (DE# 74) is denied.

(6) Plaintiff's Motion to Compel (DE# 114) is denied without prejudice.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 18th day of January, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William J. Zloch

All counsel of record

Randal A. Ferguson, *pro se*